J. W. MUSE v. THE STATE.

No. 20494. Delivered October 18, 1939.
Rehearing Denied November 15, 1939.

The opinion states the case.

*J. V. Patterson,* of Decatur, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted for violating what is commonly called the "Blue Sky" or securities law, and sentenced to serve one year in the penitentiary.

His first complaint is that the allegations in the indictment are contradictory in that he is charged, among other things, with selling a security, the said security being set out in haec verba in the indictment, yet the same is designated therein as "assignment of oil and gas lease;" and further that the proof shows that the instrument upon which the prosecution is based was an assignment of an oil and gas lease,—therefore not a security. Our answer to such contention is that the statute, upon which this cause is based, itself classifies such an instrument as a security. Sec. 2 (a) of Chapter 100, General Laws of Texas, 44th Legislature, Vernon's Civ. Stat., Art. 600a, defines the term "Security" as follows: "(a) The term 'se-

curity' or 'securities' shall include x x x any instrument representing any interest in or under an oil, gas or mining lease, fee or title x x x."

We therefore think that an assignment of an oil and gas lease is a security. See Atwood v. State, 121 S. W. (2d) 353.

The next proposition offered is that because there is no allegation in the indictment as to whom the instrument, designated as an assignment of an oil and gas lease, was sold, that such is a fatal defect therein. It will be noted, however, that the assignment itself is set forth in haec verba in the indictment and speaks for itself, and plainly shows that same was sold to T. D. Lester, M. P. Mask and Sam J. Culwell. The said assignment having become a part of the indictment, it seems to have achieved the contemplated purpose of notifying appellant that he was charged with the sale of this set forth security to the three above named parties.

A further proposition is presented to us, and that is because of the vague, indefinite and incomplete description of the acreage intended to be conveyed by such assignment that same is void and inoperative, conveyed no interest of any kind, and therefore its sale could constitute no offense against the law. The same proposition was advanced in the Atwood case, supra, and we quote therefrom: "In our opinion the very thing that has here happened is the mark at which the legislature was directing this law, and that is the sale of a security that is couched in such terms as to tempt the unwary to invest their funds therein, and then some flaw, defect or weakness be found rendering the same valueless, to the loss of the investor and the unfair gain of the seller. x x x."

We do not think that it is necessary, in order to successfully predicate a criminal action on the unauthorized sale of a security, that such security should be a valid or perfect instrument.

Appellant next complains that if it should be found that he was engaged in the selling of securities without having obtained the proper license, nevertheless he would come under the portion of such law that exempted therefrom persons engaged in selling his own personal holdings, from which paragraph we quote a portion of Section 3 of the Securities Act: "(c) Sales of securities made by, or in behalf of a vendor in the ordinary course of bona fide personal investment of his personal holdings, or change of such investment, if such vendor

is not otherwise engaged either permanently or temporarily in selling securities, x x x."

In this connection we notice that the State was permitted to prove, and did prove, that appellant had either made or attempted to make other and different sales of like securities to other and different individuals than those mentioned in the security set forth in the indictment. This testimony, so we think, was properly admitted as going to show that appellant did not come within the above quoted paragraph (c) which defines those exempt from the provisions of this statute.

We see no good reason for a discussion herein of the meaning of the word "temporarily," since we think the State has shown by the facts adduced herein that appellant at such time was permanently engaged in the business of selling and offering for sale such securities.

This statute has been heretofore upheld in a carefully considered opinion by Judge Christian in the Atwood case, supra, to which we here refer. We have considered all matters complained of herein, and see no error upon the part of the trial court. The judgment is therefore affirmed.

ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Our re-examination of the record in the light of the motion for rehearing filed by appellant leads us to the conclusion that the proper disposition of the case was made upon the original submission. The motion for rehearing is therefore overruled.