**COSNER v. HANCOCK.**

No. 3920.

Court of Civil Appeals of Texas. El Paso.
Jan. 30, 1941.

Rehearing Denied March 20, 1941.

Neil E. Beaton and W. H. Kennon, both of San Antonio, for appellant.

H. M. Parker and Boyle, Wheeler, Gresham & Terrell, all of San Antonio, for appellee.

PRICE, Chief Justice.

This is an appeal from one of the District Courts exercising jurisdiction in Bexar County. As plaintiff, J. C. Hancock, recovered against J. W. Cosner, defendant, a judgment in the sum of five thousand dollars. From this judgment defendant Cosner has perfected this appeal.

The parties throughout will be designated plaintiff and defendant, as they were in the trial court.

During the pendency of this appeal the Supreme Court, in the case of Kadane v. Clark, Tex.Civ.App., 134 S.W.2d 448, granted a writ of error. By agreement of the parties the final disposition of this case was postponed until the Supreme Court finally disposed of Kadane v. Clark, supra. In that case, as in this, the construction of the Securities Act, Vernon's Annotated Civil Statutes, Art. 600a, §§ 1 to 29 and 31 to 38; Vernon's Annotated Penal Code, Art. 1083a, § 30, was involved. The Supreme Court, in the opinion handed down in that case (135 Tex. 496, 143 S.W. 2d 197) reversed the judgment of the Court of Civil Appeals, and rendered judgment in favor of the defendant.

Plaintiff, for cause of action, pleaded that he was not a dealer or salesman under the Securities Act; that the defendant was the owner of a balance remaining under a

certain oil payment originally in the sum of one hundred thousand dollars to be paid to defendant from an undivided one-sixth of the oil produced from a certain lease in Duval County, Texas; that defendant was desirous of selling said reserved payment out of oil, listed same with the plaintiff for sale at a price of fifty-five thousand dollars, and promised and agreed that in the event a sale thereof was effected within thirty days, the time specified in the agreement, that defendant would pay the plaintiff the sum of five thousand dollars for and on account of his services and as commission for effecting the sale; that on or about the 19th day of October, 1937, plaintiff procured for defendant a purchaser of said oil payment for fifty-five thousand dollars in cash, who was ready, willing and able to comply with the purchase; said contract of purchase being in writing and executed by the purchaser and by plaintiff as the agent of the defendant; that said sale was consummated and the fifty-five thousand dollars paid; but that the defendant failed and refused to pay plaintiff the five thousand dollars compensation agreed upon.

. Defendant answered by general exception, special exceptions, general denial, a plea that plaintiff, in making the contract as his agent, had not guarded his rights and that the payment for the oil rights was made in compromise of a law suit filed against him on said purported contract. There was a further special plea that in carrying on the transactions between plaintiff and the purchasers, plaintiff came within the provisions of the Securities Act of Texas, as a dealer under the provisions thereof, and that plaintiff never had or obtained a license to act as a salesman under said Act, and he was not entitled to recover any compensation from defendant because of plaintiff's violation and noncompliance with the provisions of said Act.

Supplemental petition was filed by plaintiff consisting of a general exception, general denial, and a special exception following such general denial. Such special exception assailed that portion of defendant's answer setting up a violation of the Securities Act.

The court overruled all special exceptions of the defendant, and sustained plaintiff's exceptions one and two to defendant's first amended original answer. To the sustaining of such exceptions defendant duly preserved an exception in the judgment.

The case was tried to a jury. The issues submitted and the findings of the jury thereon were as follows:

"(1) Do you find from a preponderance of the evidence that the defendant, J. W. Cosner, on or about October 1, 1937, agreed to pay the plaintiff, J. C. Hancock, a commission of $5,000.00 in the event plaintiff effected a sale of the oil payment in question within a period of thirty days from October 1, 1937, at a cash price of $55,000.00? Answer 'Yes' or 'No.'

"We, the jury, answer: Yes.

"(2) Do you find from a preponderance of the evidence that the plaintiff, J. C. Hancock, was the procuring cause of the sale of the oil payment in question to Keator and Peacock? Answer 'Yes' or 'No.'

"We, the jury, answer: Yes."

Judgment on this verdict was rendered, as before stated, in favor of the plaintiff.

The listing of the property with the plaintiff was in writing and as follows:

"San Antonio, Texas,
"October 1, 1937.

"Mr. J. C. Hancock,
"905 Alamo National Building,
"San Antonio, Texas.

"Dear Mr. Hancock:

"I hereby give you, as exclusive agent, for the purpose of sale for a period of thirty days from date the Oil Payment originally for $100,000.00 owned by me in the Wendt Lease, Duval County, Texas. Price to be $55,000.00 for the balance in the account as at September 30, 1937.

"Very truly yours,
(Signed) J. W. Cosner
"HCH/H        (Typed) J. W. Cosner"

On October 9, 1937, the following written contract was entered into between defendant and E. H. Keator, defendant purporting to act through the plaintiff as agent:

"The State of Texas,:
"County of Bexar.:

"J. W. Cosner, hereby bargains, sells and conveys, and does by these presents bargain, sell and obligate himself to convey or cause to be conveyed unto E. H. Keator, who does bind and obligate himself to buy and pay for, the oil payment originally for the principal sum of one hundred thousand dollars ($100,000.00) reserved by him in transfer to E. H. Keator and C. A. Pea-

cock of date July 1st, 1937, on what is known as the R. Wendt lease, 160 acres, being on the northeast one-fourth (1/4th) of Survey 43, J. Poitevant, in Duval County, Texas, and being reserved out of one-sixth (1/6th) of the seven-eighths (7/8ths) W. I. and being the balance owing thereon as of October 1, 1937, 7:00 A. M.

"The consideration is the sum of fifty-five thousand dollars ($55,000.00) cash to be paid upon execution and delivery of a good and sufficient transfer, with warranty of title, conveying same.

"Sale is to be made free and clear of all liens and claims of every kind and character and to vest good title thereto in the vendee.

"The deal is to be closed as soon as possible, but not later than fifteen (15) days from date.

"Executed October 9, 1937.

"(Typed) J. W. Cosner
"(Signed) By J. C. Hancock, Agent
"(Signed) E. H. Keator, Purchaser."

On or about the 29th day of October, 1937, defendant executed a conveyance of the oil payment to E. H. Keator and C. A. Peacock, receiving as consideration the sum of $55,000. It was not until after the purchaser procured by plaintiff had instituted suit for specific performance that defendant would transfer the oil payment to Keator.

Under the undisputed facts as developed by the evidence, and considering the verdict of the jury equivalent to facts, we can see no reason why this case should not be affirmed, unless a violation of the Securities Act was shown on the part of the plaintiff, and he is debarred thereby from recovery.

It is true that the court struck from defendant's answer this plea. However, plaintiff's own petition sought to show that the Securities Act did not apply to him. The plaintiff's petition shows the nature and character of the property dealt with, his actions with reference thereto, out of which his asserted cause of action arose. The special exception contained in plaintiff's supplemental petition amounts to nothing more than a general exception.

In view of the fact that the evident theory of the trial court and plaintiff that the Securities Act had no application to the facts as pleaded, we shall consider the case as though such special exception had not been sustained. In other words, if under the undisputed facts such Securities Act presents an absolute defense, the interests of the parties would not be subserved by reversing and remanding the cause.

Throughout the course of this opinion we shall frequently refer to the case of Kadane v. Clark, 135 Tex. 496, 143 S.W.2d 197. In that case the provisions of the Securities Act applicable to the controversy here are set forth in full, and we shall not burden this opinion with reproducing the Act in question. However, there are two provisions thereof which we shall here reproduce. Subsection (c) of Section 2 of the Act is as follows:

"(c) The term 'dealer' shall include every person or company, other than a salesman, who engages in this State, either for all or part of his or its time, directly or through an agent, in selling, offering for sale or delivery or soliciting subscriptions to, or orders for, or undertaking to dispose of, or to invite offers for, or dealing in any other manner in any security or securities within this State. * * *"

Section 3 provides for exemptions from the Act. Subsection (c) thereof is as follows: "(c) Sales of securities made by, or in behalf of a vendor in the ordinary course of bona fide personal investment of his personal holdings, or change of such investment, if such vendor is not otherwise engaged either permanently or temporarily in selling securities, provided, that in no event shall such sales or offerings be exempt from the provisions of this Act when made or intended; either directly or indirectly, for the benefit of any company or corporation within the purview of this Act."

The penal provisions of the Act are to be found in Vernon's Annotated Penal Code, Art. 1083a. Section 30 thereof is the section invoked here.

This Act came before the Court of Civil Appeals of Galveston in the case of Culver v. Cockburn, 127 S.W.2d 328, 330. In that case it was alleged defendant had agreed to pay plaintiff a commission of ten per cent to procure a purchaser of oil and gas lease on land belonging to him. Suffice it to say that it was established by the verdict and by the undisputed evidence that defendant did make such agreement with plaintiff and that as to one oil or gas lease did procure T. Berthelsen to accept same. Judgment was entered on the verdict in favor of the plaintiff, and

defendant appealed. The undisputed facts show that the defendant was the owner in fee of all mineral rights and the surface, and it was the sale of an oil lease in a sense that plaintiff induced Berthelsen to enter into an oil and gas lease with defendant. Chief Justice Monteith in the course of the opinion set forth numerous provisions of the Securities Act. The case can be best understood by quotation of a portion of that opinion:

"The record of the facts, in this case shows that appellant was the owner of both the fee and the mineral title to the land on which the lease under consideration was made; that appellee's activities as a dealer in oil and gas leases were incidental to his employment by the Cockburn Oil Corporation, and that his employer had no connection therewith; that he had made only two other sales besides the one under consideration; that no certificate or other evidence of ownership of said lease was issued to appellee, and that he was, in fact, not present when the sale of said lease was closed and the lease delivered to Berthelsen, the purchaser thereof. The jury found that appellee was the procuring cause of the sale of said lease to Berthelsen and that appellant had agreed to pay appellee a commission of 10% of the purchase price thereof. No permit or certificate under the Securities Act was issued to either appellant or appellee.

"Under the above facts, we think that appellee was neither a dealer, nor was said lease such a security as to require appellee to secure a permit under said Act in order to contract with appellant for the payment of compensation for his services in procuring a purchaser of the lease under consideration."

The case further held that under subsection (c) of Section 3, the Securities Act did not apply. Writ of error was applied for in this case. The Supreme Court dismissed the application, noting on the docket: "Correct Judgment."

The above case is not referred to in the case of Kadane v. Clark, supra.

In the case of Culver v. Cockburn, supra, the plaintiff was not the owner of the land upon which he procured the oil and gas lease. The defendant, as we have said, was the owner of the fee in both surface and minerals until he gave the lease to the lessee procured by the plaintiff there.

The facts, as set forth in the opinion of the Court of Civil Appeals and Supreme Court, in the case of Kadane v. Clark, supra, are substantially as follows:

Plaintiff was a geologist, and claimed to have sold an oil and gas lease for defendants on 200 acres of land in Wichita County, Texas. Under the facts and the verdict defendants listed the oil and gas lease with plaintiff, and plaintiff was the procuring cause of the sale. Among other things, defendants pleaded the failure of plaintiff to comply with the Securities Act, and thus sought to defeat his cause of action. The Court of Civil Appeals reversed and remanded the cause, but found against the defendants as to the defense that plaintiff was not entitled to recover on account of failure to comply with the Securities Act. The decision of the Court of Civil Appeals in this respect seems based on two holdings: (1) That the acts of plaintiff came within Section 3(c) of the Securities Act, exempting sales of securities made by or on behalf of a vendor, etc.; (2) that the oil and gas lease in question was not a security within the meaning of the Act. In support of these two holdings the case of Culver v. Cockburn, supra, was cited. In the course of the opinion it is sought to distinguish the case of Atwood v. State, 135 Tex.Cr.R. 543, 121 S.W.2d 353. The distinction was that the facts involved were materially different in that case from those in the case the court had before it. The case of Culver v. Cockburn, supra, was deemed to involve a more similar situation to the one before the court, and, having the sanction of the Supreme Court of a correct judgment, and coinciding with the views of the court, was followed. The Supreme Court reversed the judgment of the Court of Civil Appeals and rendered the case in favor of the defendant. It was held by the Supreme Court that an oil and gas lease was a security within the meaning of the Securities Act. In this respect the specific provisions of the Act in question were held to make it such. The two decisions of the Court of Criminal Appeals were cited. Atwood v. State, supra, and Muse v. State, 137 Tex. Cr.R. 622, 132 S.W.2d 596.

█ It seems to us that if the assignment of an oil and gas lease is a security, that the rights sold by plaintiff here are such security, and we so hold.

In Kadane v. Clark, 135 Tex. 496, 143 S. W.2d 197, 199, Judge Sharp, in discussing, we think, the holding of the Court of Civil Appeals that on account of Section 3(c)

the Act in question did not apply, said: "It is also undisputed that plaintiff was neither the owner of the fee nor interested in the title to the oil and gas leases which he claims to have sold."

We think involved in that language is the construction that Section 3(c) applies to the owner of the security; that he is not a dealer if he sells for the purposes named, either in person or through another, a personally owned security—, provided, of course, he is not in that general business. The sale or contract of sale made under such circumstances, whether by the owner or another, is in all respects legal and enforceable. It is not held, however, we think, that if the one effecting the sale for such a vendor is an unlicensed dealer under the Securities Act that he would be entitled to compensation for his services.

■ We have heretofore in this opinion, as was done in' all the opinions discussing this Act we have cited and discussed, given the definition of a dealer. This definition is very broad. If one attempts to sell, as a business, securities for himself or others, he comes within the definition of a dealer within the meaning of the Act. Of course, this would not be true were such a·one a salesman within the meaning of the Securities Act. A salesman is one employed by a dealer to sell, offer for sale or delivery, or solicit subscriptions to or orders for, or deal in any other manner, in securities within the State. Section 2(d).

Under the authority of the holding by the Supreme Court in Kadane v. Clark, supra, we feel constrained to hold that the oil payment was a security; that same was not by virtue of Section 3(c) exempted from the operation of the Securities Act.

■ There remains the question for decision as to whether plaintiff was a dealer within the meaning of that Act. Under the undisputed evidence plaintiff had no license as a dealer. If he was such, he cannot recover compensation for selling the oil payment reserved by defendant from the prior assignment of an oil and gas lease. Under the evidence plaintiff was an income tax auditor for various oil companies. He had been previously employed by the defendant in connection with income tax matters. Defendant seems to have been engaged in the business of drilling oil and gas wells. Previously he had been connected with the same corporation that the purchasers of the oil and gas payment had been connected. In our opinion, the

evidence is insufficient to show that he was a dealer in securities within the meaning of the Act we are considering. His status in this respect is only important in determining the status of the plaintiff in the transaction involved. As an unlicensed salesman he, perhaps, could not recover on account of Section 30 of the Act. See Vernon's Annotated Penal Code, Art. 1083a.

It clearly appears from the evidence that the sale of this security was the only activity along this line pursued by the plaintiff. Under plaintiff's testimony, at least, he attempted to sell the oil and gas payment to two different parties, first to Mr. Graff, of the Bank, and then the successful effort to sell to Mr. Keator.

■ Under plaintiff's pleading he was not a dealer or salesman under the Securities Act of 1935. Implicit in this allegation, we think, is the admission that he had not taken steps to become a licensed dealer.

In the case of Kadane v. Clark, supra, Judge Sharp mentions the fact that Clark (the plaintiff) testified that in November and December, 1937, he was active in undertaking to sell various oil and gas leases, then says: "It is undisputed that plaintiff had not qualified as a dealer in securities and had not procured a license under, the provisions of this law." These facts resulted in the decision that, under the law, plaintiff could not recover for his services.

■ The facts there are not exactly the same facts we have here. However, the only dissimilarity that occurs to us is that plaintiff there had made several unsuccessful efforts to sell other leases; here, the transaction involved is the only one attempted. The question to be answered, then, is: Does this fact distinguish the instant case from the case of Kadane v. Clark, supra? We fail to see any substantial distinction between a person, for a consideration, effecting the sale of a security for another and effecting sales generally. It is true, that one is a transaction for a single purpose, the other a series of transactions. In the single transaction the same action is involved as in the series. There can be little difference between one casually selling securities for others or for another, and one making that his business. Such a distinction would cause the law to apply unequally and unfairly.

244

In our opinion the holding of the Supreme Court in Kadane v. Clark, supra, rules here. It is true, in that case one of the owners of the securities was a corporation. If that was a ground of denying the application of the exemption, it is not mentioned in the opinion.

Culver v. Cockburn, supra, we think, is distinguished from Kadane v. Clark, supra, and the case at bar, in that there the owner contracted to pay the agent for obtaining one to lease land on terms satisfactory to him. Here, there is a sale of a security within the meaning of the applicable statutes involved. Most certainly the defendant contracted to pay plaintiff for services as a dealer or broker.

We hold that it indisputably appears from the record as a whole that plaintiff is not entitled to recover.

It is ordered that the case be reversed and rendered in favor of defendant.