**FLOURNOY v. GALLAGHER et al.**

No. 2515.

Court of Civil Appeals of Texas. Eastland.
June 29, 1945.

Rehearing Denied July 20, 1945.

F. D. Wright, of Cisco, and L. H. Welch, of Breckenridge, for appellant.

Harrell & Bowers, of Breckenridge, for appellees.

LONG, Justice.

This suit was originally instituted by the plaintiff, J. M. Flournoy, against Joe Gallagher. After the death of the defendant Gallagher, the plaintiff by his second amended original petition sued Bethel Fondren Gallagher, executrix of the estate of Joe Gallagher, deceased, George P. Hill, Ed S. Hill and Houston Hill.

Plaintiff alleged, in substance, that he was then, and had been for a number of years, engaged in the business of buying and selling oil and gas leases; that he was not a licensed real estate dealer and was not licensed under the Texas Securities Act, Vernon's Ann.Civ.St. Art. 600a; that on or about the month of September, 1943, he made an oral agreement with the deceased Joe Gallagher, under which plaintiff was to aid the said Gallagher in acquiring certain oil and gas leases, and that he and the deceased Gallagher would work together in the acquisition and sale of said leases; that he and Gallagher acquired oil and gas leases on some fourteen tracts of land situated in Stephens County, Texas; that the plaintiff expended in traveling expenses, use of his car, etc., several hundred dollars in obtaining or in assisting the deceased Gallagher in obtaining said oil and gas leases. Plaintiff further alleged it was agreed by and between Gallagher and himself that when the leases had been properly assembled they would be sold for the best price obtainable and the proceeds of the sale over and above the actual costs of said leases were to be divided equally between the deceased Gallagher and plaintiff after the payment of certain attorneys fees; that, thereafter, the deceased Gallagher sold said leases without the knowledge or consent of plaintiff and received approximately $4,000 in cash and retained an oil payment of $50 per acre to be paid out of $\frac{1}{8}$ of the $\frac{7}{8}$ of all oil and gas produced, and that later Gallagher sold an undivided one-half interest in the oil payment for $5 per acre; that the deceased Gallagher did not account to the plaintiff for any of the consideration so obtained. Plaintiff alleges that the defendants, other than Bethel Fondren Gallagher, were claiming some right, title and interest to the oil payment which had been sold. Plaintiff prays for an accounting of all sums received for the sale of said leases, for judgment against Bethel Fondren Gallagher, executrix, for one-half of all sums received from said sale, less the amount actually paid for them, for judgment for one-half of the oil payment reserved, and that said one-half reserved interest be charged with an equitable lien to secure the payment by the defendant to plaintiff of all sums of money as might be due him.

The defendants urged certain exceptions to the plaintiff's petition, which were by the court sustained, and the plaintiff declining

to amend, the cause was dismissed. Plaintiff excepted and gave notice of appeal to this court.

We deem it unnecessary to discuss all of the exceptions urged by the defendants. We believe the exception asserting that the plaintiff was not licensed under the Securities Act is good and is an all sufficient reason why the trial court's action was proper in dismissing this cause. The Securities Act, Article 600a, Vernon's Ann. Civ.St. of Texas, classifies an oil and gas lease as a security. Section 2(a) of said Article provides, in part, as follows: "The term 'security' or 'securities' shall include any * * * instrument representing any interest in or under an oil, gas or mining lease, fee or title * * *."

The courts of our state have passed upon this question in numerous cases. Our Supreme Court in Kadane et al. v. Clark, 135 Tex. 496, 143 S.W.2d 197, held that an oil and gas lease is a security within the meaning of the Securities Act, Article 600a, Vernon's Ann.Civ.St.

Section 33b, Article 600a, provides as follows: "No person or company shall bring or maintain any action in the courts of this State for the collection of a commission or compensation for services rendered in the sale or purchase of securities, as that term is herein defined, without alleging and proving that such person or company was duly licensed under the provisions hereof and the securities so sold or purchased were duly registered under the provisions hereof at the time the alleged cause of action arose, provided, however, that this Section or provision of this Act shall not apply to the exempt transactions set forth in Section 3 of this Act or to the sale and purchase of securities listed in Section 23 of this Act, when sold by a registered dealer."

Section 3 under said Article 600a is, in part, as follows:

"Sec. 3. Exempt transactions. Except as hereinafter in this Act specifically provided, the provisions of this Act shall not apply to the sale of any security when made in any of the following transactions and under any of the following conditions, and the company or person engaged therein shall not be deemed a dealer within the meaning of this Act; that is to say, the provisions of this Act shall not apply to any sale, offer for sale, solicitation, subscription, dealing in or delivery of any security under any of the following transactions or conditions:

   \*    \*    \*    \*    \*    \*

"(c) Sales of securities made by, or in behalf of a vendor in the ordinary course of bona fide personal investment of his personal holdings, or change of such investment, if such vendor is not otherwise engaged either permanently or temporarily in selling securities, provided, that in no event shall such sales or offerings be exempt from the provisions of this Act when made or intended, either directly or indirectly, for the benefit of any company or corporation within the purview of this Act."

Appellant contends in his brief that he does not come under the Securities Act, for the reason that the agreement with the deceased Joe Gallagher was made prior to the time the leases were acquired; that this is not a commission suit; that the plaintiff was not a broker and did not seek a commission, but that it was a suit to enforce an expressed trust. If from this we are to conclude that the appellant by his petition alleged that he was a joint owner of the oil and gas leases with Joe Gallagher, or that Gallagher was holding the title to the same in trust for the use and benefit of both Gallagher and Flournoy, we still believe that the plaintiff came under the Securities Act and could not maintain this suit. Under Sec. 33b of said Act, no person or company can maintain any action in the courts of this state for the collection of a commission or compensation for services rendered in the sale or purchases of securities, unless such person or company was duly licensed under said act. It will be seen under Sec. 3, subdivision (c) that sales of securities made by or in behalf of a vendor are exempt, if such vendor is not otherwise engaged, either permanently or temporarily, in selling securities. From a careful examination of plaintiff's petition, it is shown that Gallagher and Flournoy entered into an agreement to purchase certain oil and gas leases. That said oil and gas leases were to be sold by the parties, and after the cost of said leases were deducted, the balance remaining was to be divided between Gallagher and Flournoy. It will be further seen from plaintiff's petition that he alleged affirmatively that he was and had been for a number of years engaged in buying and selling oil and gas leases. If the appellant claimed to be a joint owner of the leases in question, he was not exempt under subdivision (c) of

Sec. 3 of the Securities Act, for the reason that he was otherwise permanently engaged in selling oil and gas leases. Our courts have passed on this question in several cases. The Court of Criminal Appeals in the case of Muse v. State, 137 Tex.Cr. R. 622, 132 S.W.2d 596, 597, in passing upon an appeal from a conviction under this law, speaking through Judge Graves, said: "In this connection we notice that the State was permitted to prove, and did prove, that appellant had either made or attempted to make other and different sales of like securities to other and different individuals than those mentioned in the security set forth in the indictment. This testimony, so we think, was properly admitted as going to show that appellant did not come within the above quoted paragraph (c) which defines those exempt from the provisions of this statute."

■ The Securities Act is very broad. If a person is engaged in the business and attempts to sell securities for himself or another he comes within the Act and must meet the requirements of the law in obtaining a license. Cosner v. Hancock, Tex.Civ. App., 149 S.W.2d 239. Any contract made in violation of the Act is void and unenforceable. It makes no difference in this case whether the suit was for a commission or to enforce an express trust. The plaintiff had not complied with the law. Hence, the contract alleged was illegal and could not be enforced. Kadane v. Clark, supra.

Believing that the trial court's action was proper in dismissing this suit, the judgment is in all things affirmed.