### LEWIS v. DAVIS.

#### No. 6218.

Court of Civil Appeals of Texas. Texarkana.

June 3, 1946.

Rehearing Denied July 11, 1946.

E. P. Price, of Tyler, for appellant.

Lasseter, Spruiell, Lowry, Potter & Lasater, of Tyler, for appellee.

WILLIAMS, Justice.

The trial court sustained the special exception urged by C. D. Davis, defendant below, to the first amended original petition of I. H. Lewis, plaintiff below. Plaintiff declining to amend, the court dismissed the suit.

Such portion of the first amended original petition material to the point which questions the action of the trial court reads:

"That on or about the first day of August, 1938, the plaintiff and defendant associated themselves together for the purpose of engaging in the oil, gas and mineral business and for the purpose of acquiring, developing, operating, selling and dealing in oil and gas leases and royalties and mineral interests generally. The said plaintiff and the said defendant in virtue of said association being partners in the ownership of all leases, royalties and mineral interests acquired by them, or either of them, and in all commissions and other remuneration received by them, or either of them, in such business whether in the nature and form of commissions or otherwise and in whomsoever any such property and interests were taken or remunerations were received the plaintiff owning one-half interest and the defendant owning one-half interest therein.

"That during said period of time there were acquired by said parties, oil, gas and mineral leasehold interests and royalties and other mineral interests in and to land and properties situated in the counties of Franklin, Upshur, Camp, Panola, Smith, Morris, Marion, Hopkins, Cass, Wood, and other counties in the State of Texas. That attached hereto and made a part of this petition is a list of such properties so acquired by the defendant, and marked Exhibit "A"; that attached to this petition and marked Exhibit "B" is a list of all such properties acquired by the plaintiff. That whatever interest was acquired by or in the name of plaintiff and/or defendant * * * all such interest were and are jointly owned by the plaintiff and the defendant; that the defendant refuses to recognize the plaintiff's interest in said properties and is now threatening and attempting to deprive the plaintiff of his interest therein and appro-

priate same and the proceeds and benefits derived therefrom to his own use.

"Regardless of whether the term partners is applied to the relation of the parties under the facts alleged, one-half of the oil, gas and mineral interest of whatever nature and character that has been acquired by the defendant, C. D. Davis, during said period of time were acquired by him in trust for the plaintiff herein, under the aforesaid arrangement, to acquire oil, gas and mineral interest in lands.

"In the alternative, but only in the alternative * * * that if the plaintiff is not entitled to relief against the defendant under the issue of partnership as herein above alleged then and in that event, plaintiff alleges * * * that he has rendered services to the defendant for which he would be entitled to receive a reasonable pay of Five Thousand Dollars for all of which amount the plaintiff prays judgment in the alternative against the defendant.

"Premises considered, plaintiff prays * * * that upon a final hearing hereof * * * a decree be entered, establishing the interest of the respective parties in and to the oil, gas and mineral interest and properties acquired by either the plaintiff or the defendant during the said period of time hereinabove mentioned and impressing a trust in favor of the plaintiff for his portion and interest therein standing in the name of the defendant and dissolving said partnership. * * * And in the alternative, if the court should find, that no partnership existed and that no trust really existed as herein alleged, then and in that event only, the plaintiff prays for judgment against the defendant for the further sum of Five Thousand Dollars for services rendered and performed by the plaintiff to and for the defendant * * *."

The special exception urged, reads:

"Now comes C. D. Davis, defendant and excepts to plaintiff's first amended original petition because plaintiff has not alleged that he was a licensed dealer under the Texas Securities Act (Article 600-A) Vernon's Annotated Civil Statutes as required by law. In this connection, plaintiff's petition shows on its face that plaintiff's cause of action is based upon an alleged agreement to the effect 'that plaintiff and defendant associated themselves together for the purpose of engaging in the oil, gas and mineral business and for the purpose of acquiring, developing, operating, selling and dealing in oil and gas leases and royalties and mineral interests generally.' Such alleged agreement would be illegal and unenforceable, unless plaintiff alleges that he or defendant was a licensed dealer under Art. 600-A at the time of the making of such alleged agreement."

It is the plaintiff's position that his suit for a partnership accounting, and that where a partnership has been organized, as here, for a lawful purpose, that the mere fact that in the conduct of the business profits have been made and acquired illegally should not have the effect to close the portals of the court to the approach of one of the partners who seeks a just division from the other partner withholding and claiming all of such profits. This same question was involved and passed upon in Flournoy v. Gallagher, Tex.Civ.App., 189 S.W.2d 108, and there determined adversely to above contention, citing among other decisions Kadane v. Clark, 135 Tex. 496, 143 S.W.2d 197, 200, wherein it is stated:

"The statute is strictly penal in nature, and was enacted solely to protect the interests of the public * * *. The conclusion is inescapable that a contract made in violation of its terms is not enforcible. Any other construction would nullify the very purpose for which it was enacted."

It is to be observed that a recovery under the allegations of above petition would necessarily involve the acquisition by the respective litigants of the various mineral interests, extensive in volume, therein described, neither of whom was a licensed dealer as required by Art. 600a, supra. Such statute having been enacted solely in the public interests. "Courts will not aid in the division of the profits of an illegal transaction between associates"; "it leaves the parties where it finds them." 17 C.J.S., Contracts, § 272, pp. 656, 659, § 277, p. 664; 12 Am.Jur., Contracts, §§ 209, 212.

The judgment is affirmed.