517 P.2d 1299

**STATE of Arizona, Appellee,**

v.

**Dan Reed GOODMAN, Appellant.**

**No. 1 CA–CR 556.**

Court of Appeals of Arizona,
Division 1,
Department B.

Jan. 15, 1974.

Rehearing Denied Feb. 11, 1974.

Review Granted March 19, 1974.

Gary K. Nelson, Atty. Gen. by Cleon M. Duke, Asst. Atty. Gen., Phoenix, for appellee.

Green & Berman, P. C. by David M. Berman, Norman E. Green, Phoenix, for appellant.

## OPINION

EUBANK, Judge.

The appellant was tried before a jury and found guilty of two felonies, sale of unregistered securities (A.R.S. § 44–1841) and sale of securities by an unregistered salesman (A.R.S. § 44–1842). He was sentenced to the state prison for a term of not less than nine nor more than ten years on each count, the terms to run concurrently.

Appellant contends on appeal that, (1) the State failed to prove all the essential elements of the crimes as alleged in the information, and (2) the appellant's security sale was exempt from registration.

The record shows that the sale in question occurred on March 3, 1972, in the home of the complaining witness, Mrs. Steinel, at which time she gave the appellant a check for $1000 made out to the order of American Standard Insurance in exchange for a bond which was to be delivered to her later by the defendant. Mrs. Steinel received no receipt or other document for her purchase price and no bond was ever delivered to her. Following the sale she became suspicious of the transaction and notified the authorities. This prosecution followed. The information filed against the appellant charged him with selling or offering to sell an unregistered 10% debenture bond of American Standard Life Insurance Company in violation of A.R.S. § 44–1841, and with selling or offering to sell said bond without having been registered as a dealer or salesman in violation of A.R.S. § 44–1842.

At the trial, the State established that the company in question had no bonds registered with the Securities Division of the Arizona Corporation Commission, and, in fact, that no such bonds existed. It is ap-

pellant's contention that one cannot sell a non-existent security and be in violation of A.R.S. § 44–1841 and § 44–1842. We disagree.

■ There is no dispute in the evidence that a security of some type was sold to Mrs. Steinel by the appellant. The complaining witness stated that it was a bond, while the appellant maintained it was really an exempt corporate promissory note. In either case, the item sold was a security within the definition of A.R.S. § 44–1801, subsec. 13.[1] The more precise problem arises from the fact that no document representing the security sold was ever delivered to the complaining witness. Had a worthless bond certificate been presented to the complaining witness in return for her check, the Securities Act would clearly have been violated since the value of the bond sold is immaterial. *See* Gromly v. Dickinson, 178 Cal.App.2d 92, 2 Cal.Rptr. 650 (1960); State v. Cushing, 137 Me. 112, 15 A.2d 740 (1940); Muse v. State, 137 Tex.Cr.R. 622, 132 S.W.2d 596 (1939); 1 I. Loss, Securities Regulations at 511–12 (1961). Therefore, in our opinion, it should certainly not change the result if a worthless security is in fact never delivered to the purchaser so long as a security or purported security is sold.

■■ In Towne v. Friedrich, 207 Cal. App.2d 205, 24 Cal.Rptr. 400 (1962), a California court was faced with the same situation as that presented in the case at bar. There the defendant represented to the buyer that certain corporate stock was available through a friend and as a result the buyer paid $12,500 to the defendant for the stock. However, no such stock was ever delivered to the purchaser since neither the stock nor the corporation existed. The court held that since the defendant

---

1. "§ 44–1801

 13. 'Security' means any note, stock, treasury stock, bond, debenture, evidence of indebtedness, certificate of interest or participation in any profit-sharing agreement, collateral-trust certificate, preorganization certificate or subscription, transferable share, investment contract, voting-trust certificate, certificate of deposit for a se-

curity, fractional undivided interest in oil, gas or other mineral rights, or, in general, any interest or instrument commonly known as a 'security,' or any certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase, any of the foregoing."

had not obtained the permit required to sell the securities of this purported corporation, the sale was in violation of the state securities laws even though no securities changed hands or even existed. We believe that the result reached in Towne is also called for here by virtue of the public policy underlying Arizona's securities laws. The purpose of the Act is to protect the public against fraudulent and illegal stock and investment schemes engaged in by dishonest or overzealous promoters. Jackson v. Robertson, 90 Ariz. 405, 368 P.2d 645 (1962). The securities laws give the Corporation Commission an opportunity to examine the underlying merits of proposed security sales in order that the purpose of regulation can be achieved and both buyers and legitimate sellers of securities protected. To say that the seller who sells worthless securities is subject to the provisions of the statute, while a seller who purports to sell "non-existent" securities and never delivers them is not so subject, would clearly defeat the legislative intent and policy of the statutes. Obviously, the problem of proof in the latter instance often precludes prosecution.

Furthermore, the applicable statutes include *offers to sell* a security within the criminal prohibition. The information charges the appellant, in both counts, with the sale of or *offering for sale* the bond, and the jury was so instructed. Had the legislature intended the restrictive interpretation of A.R.S. §§ 41–1841, 41–1842 advocated by the appellant, they obviously would not have included an *offer* to sell a security within the ambit of the statutes, since no delivery of a security is contemplated by an offer.

Appellant also contends that the security he sold Mrs. Steinel was exempt under A.

R.S. § 44–1843, subsec. 8, which exempts from registration negotiable promissory notes which mature in less than twelve months time. He argues that an *exempt* corporate promissory note of Southwestern States Securities was actually sold to Mrs. Steinel, and that Mrs. Steinel's check was made payable to American Standard Insurance only because of the common ownership of the two companies.

 A.R.S. § 44–2033 states that the burden of proving the existence of any exemption provided for in the statute shall be upon the party raising the defense. This statute does not eliminate the ultimate burden of proof placed on the State of proving beyond a reasonable doubt the guilt of a defendant. However, upon proof by the State of violation of the securities law, the burden of going forward with the evidence does shift to the defendant to prove by a preponderance of the evidence the existence of the claimed exemption.[2] See *United States v. Tehan,* 365 F.2d 191 (6th Cir. 1966).

 Our review of the evidence shows that while the appellant testified positively that the security offered Mrs. Steinel matured within one year, there was no evidence supporting a maturity date longer than one year offered by the State. Under such circumstances, we agree with the appellant that the burden of proving the guilt of the appellant beyond a reasonable doubt in both counts of the information was not met by the State.

The judgment and sentence of the trial court is therefore reversed.

HAIRE, P. J., and JACOBSON, C. J., Division 1, concur.

---

2. We would note that the jury was not instructed by the trial judge that the appellant was faced with a burden of proof with respect to proving the exemption. Instead, and to appellant's favor, the jury was instructed that the burden of proof rested totally with the State. No objection was made to the instructions given, nor is any argument made on appeal as to its omission.