**Ralph BEN–SCHOTER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 09–81–118 CR.**

Court of Appeals of Texas, Beaumont.

April 21, 1982.
Rehearing Denied May 19, 1982.

David Capps, Houston, for appellant.

Larry P. Urquhart, Asst. Dist. Atty., Houston, for appellee.

## OPINION

KEITH, Justice.

Appellant was charged in a four-count indictment with violations of the Texas Securities Act, *Tex.Rev.Civ.Stat.Ann., Art. 581–1, et seq.*, ("Act"). He entered a plea of not guilty but was found guilty by the jury as charged in the third count. This count charged that appellant, acting with an agent, did unlawfully sell and offer for sale an interest in an oil, gas and mineral lease which was not a duly registered security with the Securities Commissioner of the State of Texas.

The trial court originally assessed his punishment at confinement for five years but reduced it to three years. While there are eight grounds of error presented, we turn first to the fourth ground.

Appellant contends that the indictment was faulty and the trial court erred in refusing to grant him a new trial. Although we have doubts as to preservation of the complaint for appellate review, we will meet the question directly.[1]

Since appellant was not convicted of violation of the first two counts of the indictment, we refrain from addressing his complaints addressed to the allegations found in such counts. However, insofar as the challenge may reach count three, we have examined the record and find no merit therein.

█ It is asserted that there is no requirement under the Act that an oil, gas or "mineral interest or lease" be registered with the Commissioner of Securities, nor is a person required to be registered as a dealer "to deal in the sale of interest under oil and gas lease." Only *Allen v. Sorenson,* 388 S.W.2d 757 (Tex.Civ.App.—Beaumont 1965, writ ref'd n. r. e.), is cited. The *Allen Case* is inadequate to the task assigned. It was determined therein that "[t]he *procuring* of the original leases . . . did not involve the *sale* of securities. The *original* leases were not 'securities'."[2]

Appellant was not charged with procuring of original leases; it was charged that he did "unlawfully, fraudulently, intentionally and knowingly sell and offer for sale and delivery . . . an interest in and under an oil, gas and mineral lease, being a *pro-*

1. Appellant filed a motion to quash the indictment but, insofar as disclosed by our record, it was not presented to the trial court. Moreover, although the original motion for new trial was twice amended, at no time was a complaint of insufficiency of the indictment mentioned therein. Yet, the ground of error complains of the failure to set aside the conviction "and grant him a new trial."

2. All emphasis herein has been supplied unless otherwise indicated. ·

*ducing working interest in an oil well . . . ."* *Allen v. Sorenson* is not pertinent or even persuasive.

As State's counsel aptly contends, under the clear language of *Sec. 4, subd. A* of the Act, "[i]nterests in and under oil and gas leases are specifically included in the definition of 'securities'." The Court of Criminal Appeals has held, in two cases, that an *assignment* of an oil and gas lease is a security under the Act. *Atwood v. State*, 135 Tex.Cr.R. 543, 121 S.W.2d 353 (1938), and *Muse v. State*, 137 Tex.Cr.R. 622, 132 S.W.2d 596, 597 (1939). The Supreme Court, in *Kadane v. Clark*, 135 Tex. 496, 143 S.W.2d 197, 200 (1940), cited *Atwood* and *Muse*, supra, commenting that they were "two well-considered cases." In addition to these authorities, see R. Banks and R. Mouer, "Criminal Trials of Blue Skies Violations", *42 TEXAS BAR J. 997, 998 (1979),* and authorities therein cited.

■ The third facet of the argument presented under ground four presents the contention that the indictment was insufficient because the assignment forming the basis of the State's case was not set out in haec verba. It has been held that where a sale has been consummated, it is better pleading to incorporate in the indictment itself the instrument relied upon. *Sharp v. State*, 392 S.W.2d 127, 128 (Tex.Cr.App. 1965). But such a procedure "is not essential in order to charge a violation of the securities law." *Ferguson v. State*, 572 S.W.2d 521, 523 (Tex.Cr.App.1978). Ground four is overruled.

■ Appellant had elected to have the Court assess his punishment in the event he was found to be guilty by the jury. Honorable Thomas H. Routt presided over the guilt and punishment stages of the trial except when the Honorable Wardlow Lane heard several witnesses at the punishment hearing. Later, Judge Routt returned, considered an exhaustive pre-sentence investigation report which he had ordered, and sentenced appellant. At the beginning of Judge Lane's hearing and at the time of the sentencing by Judge Routt, appellant objected to the substitution of judges but makes no effort on this appeal to show an abuse of discretion or harmful error.

In *Hogan v. State*, 529 S.W.2d 515, 517 (Tex.Cr.App.1975), a similar argument was rejected, the Court writing:

"It is not improper for a different judge to sit at the punishment hearing. . . . This is true, *absent an abuse of discretion*, even if an objection is made. . . ." (citations omitted)

Appellant does not argue that there was an abuse of discretion nor does he point to any indication that he was harmed by the substitution of a judge. Appellant admitted to prior convictions for burglary, burglary of a vehicle, and driving while intoxicated. The quantity of information contained in the pre-sentence report gave the sentencing judge full knowledge of the facts bearing on punishment. Moreover, appellant was not denied the opportunity to supplement any part of the record.

We now understand why appellant has not attacked the substitution of the judges with an argument based upon abuse of discretion and injury to his rights. There is not a hint of either in the record. Ground one is overruled.

■ The copy of the court's charge used by State's counsel in his argument before the jury was inadvertently sent to the jury room. The jury returned their verdict by filling in the blanks on counsel's copy of the charge—not the original thereof. The mistake was discovered the next morning when State's counsel, searching for his copy of the charge, found it among the papers in the cause where it had been placed by court personnel after its return by the jury.

The copy of the charge had several handwritten notations thereon, underscoring in places, and a few words were circled, e.g., the word "or" to indicate the disjunctive nature of the language used in the charge.

Only two jurors testified on the motion for new trial. Foreman Lederer testified that the jury discussed the case generally without reading the charge which was then passed around the room but few looked at

it. He read aloud the portion which set out the allegations of the indictment. No juror mentioned the handwriting on either copy of the charge.

Juror Thorpe saw the handwritten notations but testified they had no effect on his judgment and that he voted for a guilty verdict because there was no other possibility in his mind after considering the evidence.

Affidavits of the ten other jurors were admitted. Seven swore that they never saw the notations; three said that the notations did not affect their deliberations. Appellant produced no evidence at the hearing.

We are not persuaded by appellant's presentation although neither party presents authorities directly in point. In a civil case having remarkable factual similarity, no error was found. See *City of Houston v. Simon*, 580 S.W.2d 667 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ). The Court in *Simon* pointed to the fact that there was no indication of intentional wrongdoing, as is the precise situation here, and held that the complaining party had failed to sustain its burden of showing that injury probably resulted from the act.

The Court reached its decision under *Tex. R.Civ.P. 281*, entitled "Papers Taken to Jury Room." There is a great deal of similarity between *Rule 281* and *Art. 36.18, Tex.Code Crim.Proc.Ann.*, governing this case.

We have reviewed the photocopy of the charge of counsel which went to the jury and from our review do not find that such constituted new evidence as mentioned in *Heredia v. State*, 528 S.W.2d 847, 852 (Tex. Cr.App.1975). See also, *Art. 40.03, subd. (7), Tex.Code Crim.Proc.Ann.* If this case is to be turned upon the proposition of "other testimony," as mentioned in *subd. (7), Art. 40.03*, constituting jury misconduct, then the contention must fail because there has been no showing that the "evidence" was detrimental to appellant or that he did not receive a fair and impartial trial. *Art. 40.-03, subd. (8), Tex.Code Crim.Proc.Ann. Hunt v. State*, 603 S.W.2d 865, 868 (Tex.Cr.

App.1980); *Trevino v. State*, 582 S.W.2d 111, 112 (Tex.Cr.App.1979).

Appellant has failed to discharge his burden of showing that the incident operated to injure or prejudice his rights. *Brown v. State*, 516 S.W.2d 145, 146 (Tex.Cr.App. 1974). Ground two is overruled.

■ In his third ground of error, appellant complains that the jury was guilty of misconduct because, as the foreman testified, he did not read the entire charge to the jury during their deliberations. We know of no requirement that such be done and counsel has pointed to no authority supporting the contention. Indeed, the complaint is submitted without supporting authority.

Doubtless, counsel would have preferred that the foreman had read and re-read the defensive language in the charge, but he has failed to persuade this Court that error has been demonstrated. Ground three is overruled.

■ In his fifth ground of error, appellant argues that the prosecution "utilized testimony that was known or should have been known to be perjured." In his argument, he points to the testimony of the witness Lozano. We have considered the record and find that while there were disputes in the testimony of Lozano and appellant, there is no testimony that State's counsel had knowledge of any perjury, if in fact such occurred during the trial. Ground five is overruled.

■ The sixth ground of error lumps in one complaint at least six different complaints appellant asserts that he urged against the court's charge. The ground is multifarious and presents nothing for review. *Art. 40.09, subd. 9, Tex.Code Crim. Proc.Ann.; Ely v. State*, 582 S.W.2d 416, 421 (Tex.Cr.App.1979).

■ There is a modicum of merit to the seventh ground of error. The Court sentenced appellant to serve not less than two nor more than three years at confinement in the Texas Department of Corrections. State's counsel readily admits that the Act,

**32**

*Art. 581–29, subd. C,* provides for a maximum prison term of ten years but does not contain a minimum term. Consequently, the trial court erred in including a minimum of two years in the sentence imposed.

However, pursuant to *Art. 44.24(b), Tex. Code Crim.Proc.Ann.,* this Court is authorized to "reform and correct" the judgment. We have all of the necessary data and evidence for reformation and the judgment will be reformed to delete the minimum term of imprisonment, namely, two years, and provide that the term of imprisonment will be for the term of three years. *Brewer v. State,* 572 S.W.2d 719, 723 (Tex.Cr.App. 1978).

Finally, appellant contends that he was entitled to a new trial because an attorney for the Securities Commission was present in the grand jury room "during consideration of this case." Appellant states much more than the record establishes. Ms. Patrick, an attorney for the Securities Commission, was in the grand jury room during the presentation of evidence. There is no showing that she was in such room while the grand jury was deliberating on the return of an indictment.

Appellant argues that since counsel for the Securities Commission is not mentioned in *Art. 20.03, Tex.Code Crim.Proc.Ann.,* reversible error is shown. We do not agree. In *Ray v. State,* 561 S.W.2d 480, 481 (Tex. Cr.App.1977), the Court considered the cited statute and held that the burden is on the appellant to show that unauthorized persons "were present during the *deliberations* of the grand jury" before an indictment will be set aside. *Moody v. State,* 57 Tex. Cr.R. 76, 79, 121 S.W. 1117, 1118 (1909), was cited in support of the holding.

Appellant failed to show that Ms. Patrick was present during the deliberations of the grand jury. No error has been shown. Ground eight is overruled.

Pursuant to *Art. 44.24(b), Tex.Code Crim. Proc.Ann.,* the sentence imposed upon appellant in this cause on the 9th day of October, 1979, is reformed so that it is ordered that the said defendant shall be con-

fined in said Department of Corrections for a term of three years in accordance with the provisions of the law governing the Texas Department of Corrections. It is so ordered.

Reformed and, as reformed, affirmed.